IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
| Plaintiff, )<br>) | |
| ) | CIVIL ACTION NO. |
| v. ) | 4:15cv129-DMB-JMV |
| ) | |
| ) | **COMPLAINT** |
| POTTER & SIMS FOODS, INC d/b/a ) | **JURY TRIAL DEMAND** |
| SAVE-A-LOT ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Sharon J. Bennett ("Bennett"), who was adversely affected by such practices. As alleged with greater particularity in paragraph(s) thirteen(13) through eighteen (18) below, Defendant Potter & Sims Foods, Inc., d/b/a Save-A-Lot ("Defendant" or "Save-A-Lot") harassed Bennett because of sex at one of its Mississippi stores. As a result of this discrimination, Bennett was constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.2. The employment practices alleged to be unlawful were committed within the State of Mississippi, the jurisdiction of the Greenville Division of the United States District Court for the Northern District of Mississippi in employment matters.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been a Mississippi corporation doing business in the State of Mississippi and in the cities of Belzoni, Canton, Charleston, Clarksdale, Greenwood, Jackson, Kosciusko, and Winona, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this law suit, Sharon Bennett filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On August 7, 2014, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

2

8. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

9. On August 25, 2014, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

10. Subsequent review of the Determination and Conciliation prompted the Commission to independently reopen and reconsider its finding. After reconsideration, on June 18, 2015, the Commission adopted its original Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful practices and provide appropriate relief.

11. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission and, on September 1, 2015, the Commission issued to Defendant Employer a final Notice of Failure of Conciliation.

12. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since approximately 2011, and on a continuing basis through and including May, 2012, Defendant Employer has engaged in unlawful employment practices at its Canton, Mississippi store in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a)(2), and 2000e-3(a).

14. Specifically, Defendant subjected Bennett who worked at Defendant's Canton, Mississippi location to routine unwanted, degrading and offensive sexual misconduct, culminating in an adverse employment action, based on her sex (female).

15. The unlawful sexual harassment was unwelcome and was carried out by the

3

supervisor who hired her, Defendant's Store Manager John Branson ("Branson"). The harassment included the following conduct:

    a) Branson frequently made sex based comments toward Bennett. Branson would casually ask to see Bennett's vagina, called Bennett "the future Mrs. Branson," asked to see Bennett in thongs.

    b) On multiple occasions, Branson licked his lips and made lewd gestures while looking at Bennett. Branson would often stare at Bennett's backside, commenting that Bennett had "a black girl's booty." Branson would make these comments to Bennett at least several times a week.

    c) In addition to the inappropriate comments, Branson propositioned Bennett for oral sex. He told Bennett that if she would let him "lick her," he would give her paid days off. He would often ask her to meet him so he could "just lick her." Bennett declined these propositions and never received extra paid days off.

    d) Branson also made lewd remarks regarding other female cashiers. For example, Branson would comment about another cashier, often stating, "I know…likes to suck dick."

    e) Branson's conduct was open and notorious and Defendant, including its supervisors and managers, were aware of it.

    f) Bennett's protests directly to Branson did not stop Branson's unlawful conduct.

    16.    The practices complained of in paragraphs 13 through 15 continued on and through May 29, 2012, the day Bennett was sexually assaulted by Branson. The assault included the following conduct:

a) During the early morning of May 29, 2012, Bennett was the only cashier at work when Branson called her into his office.

b) When Bennett entered Branson's office, Branson immediately rose from his chair, walked passed Bennett, closed the door behind Bennett, and turned off the lights.

c) Branson found Bennett in the darkened office and grabbed her.

d) Against her will, Branson began holding and kissing Bennett and pushed her with his hand up against his desk. Bennett pushed him back, but he overcame her resistance.

e) Branson then began trying to unbutton Bennett's pants. He pulled her pants down along with her panties just above her knees, squatted down, and started kissing her on the lower part of her side towards her hips, pelvic area, and her belly button.

f) Branson managed to pull her pants down, along with her panties, just above her knees. He immediately started kissing her below her waist as Bennett repeatedly told him to stop. As Bennett resisted, Branson turned her back to him and inserted his finger inside her vagina.

g) During this entire ordeal, Bennett kept pushing Branson away and telling him "no" repeatedly but he only became more aggressive with each approach.

h) Branson eventually turned Bennett around to face him. Observing that Branson had removed his penis from his pants, Bennett screamed "no." Branson stopped but did not otherwise respond.

i) Bennett stated she wanted her paycheck and she told him she was going to leave. Branson stopped momentarily and Bennett immediately pulled her pants up.

5

    j) After the assault, Branson gave Bennett her paycheck. Bennett then left Defendant's premises.

17. Defendant Employer was immediately informed of the sexual assault but failed to take prompt or effective preventive, corrective or remedial action. In addition, Defendant Employer failed to take remedial action against Branson even after he was convicted of simple assault. As late as September 2014, Branson was still manager at the Canton location.

18. Fearing that the harassment would continue and she would be the victim of another sexual assault, Bennett was forcibly, constructively discharged.

19. The effect of the practices complained of in paragraph(s) thirteen (13) through eighteen (18) above has been to deprive Bennett, who worked at Defendant's Canton, Mississippi store, of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex (female).

20. The unlawful employment practices complained of in paragraphs thirteen (13) through eighteen (18) above were intentional.

21. The unlawful employment practices complained of in paragraphs thirteen (13) through eighteen (18) above subjected Ms. Bennett to sexual harassment based on her sex (female).

22. The unlawful employment practices complained of in paragraphs thirteen (13) through eighteen (18) above were done with malice or with reckless indifference to the federally protected rights of Bennett.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment, and any other employment practices which discriminate on the basis of sex, and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for persons who oppose conduct prohibited by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Bennett, by providing, appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Bennett by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs thirteen (13) through eighteen (18) above, relocation expenses, job search expenses and medical expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Bennett by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs thirteen (13) through eighteen (18) above,

including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay to Bennett punitive damages for its malicious and reckless conduct described in paragraphs thirteen (13) through eighteen (18) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 17, 2015

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

C. Emanuel Smith
Regional Attorney

MARSHA RUCKER (PA Bar # 90041)

Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041